BOB TATE CONSTRUCTION, INC. v. CLYDE JAMES SCHULTZ AND ROZSIKA CAROL SCHULTZ

No. 8427SC165

(Filed 5 February 1985)

Contracts § 29.4— home constructed in unworkmanlike manner—builder's recovery for labor and materials—amount of offset—failure to give guiding instructions error

In an action to recover a sum due for labor and materials expended by plaintiff pursuant to a contract for the construction of a home for defendants where defendants claimed that plaintiff had constructed the home in an un-

workmanlike manner, the trial court erred in instructing the jury that plaintiff was entitled to recover for his labor and materials, less any amounts paid by defendants, less any offset or credit, without instructing that the allowable offset or credit consisted of remedying defects or omissions, if any.

APPEAL by plaintiff from *Sitton, Judge.* Judgment entered 23 September 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 26 October 1984.

Plaintiff instituted this action seeking to recover the sum of $14,687.32 allegedly due for labor and materials it had expended pursuant to a contract for the construction of a home for defendants. Defendants counterclaimed, alleging that plaintiff had constructed the home in an unworkmanlike manner. The jury found that the parties had entered into a contract, and that defendants breached that contract, but awarded only nominal damages in the sum of $1.00. Plaintiff appeals.

*Harris, Bumgardner & Carpenter, by Don H. Bumgardner, for plaintiff appellant.*

*Frank Patton Cooke, by H. Randolph Sumner, for defendant appellees.*

JOHNSON, Judge.

At issue is whether the court's instructions on damages were proper. For the following reasons, we hold the court's instructions were erroneous and remand the cause for a new trial on the issue of damages.

Plaintiff has excepted to the following instructions of the court:

As to actual damages, the burden of proof on this is on the plaintiff to satisfy you, by the greater weight of the evidence, first, that the plaintiff has sustained actual damages in some amount, and, second, the amount of those damages. A party injured by a breach of a contract is entitled to be placed, as far as this can be done by money, in the same position one would have occupied if there had not been a breach of the contract. The way in which you will determine these damages is to first determine what amount, if any, the plaintiff would be entitled to for material and labor furnished and what

amount was paid by the defendant by deducting the amount that was paid by the defendant from the amount you find the plaintiff was entitled to recover.

So, I instruct you upon this issue that if you find, by the greater weight of the evidence, that the plaintiff Tate has sustained some amount of damages under the rule which I have explained to you, then the plaintiff is entitled to recover the difference between the amount he was entitled to recover in all for his labor, material furnished, less the amount which was paid by the defendants, less any offset or credit which you find from the evidence the defendants might be entitled to, based upon the evidence.

Plaintiff contends that the court's instructions were erroneous because they failed to give the jury guidance as to what could be offset or credited. We agree.

The evidence was undisputed that plaintiff did not complete construction of the house, but had completed most of it. In such instances, the rule of damages is stated as follows:

Where a building contract is substantially, but not exactly, performed, the amount recoverable by the contractor depends upon the nature of the defects or omissions. "Where the defects or omissions are of such a character as to be capable of being remedied, the proper rule for measuring the amount recoverable by the contractor is the contract price less the reasonable cost of remedying the defects or omissions so as to make the building conform to the contract." (Citations omitted.)

In an action to recover the unpaid portion of the contract price, the defendant, under his denial of plaintiff's alleged performance, may show, in diminution of plaintiff's recovery, the reasonable cost of supplying omissions, if any, and of remedying defects, if any; and, if such costs exceed the unpaid portion of the contract price, the defendant may, by counterclaim, recover the amount of such excess. (Citations omitted.)

*Lumber Co. v. Construction Co.*, 249 N.C. 680, 684, 107 S.E. 2d 538, 540-41 (1959). The court thus erred in the present case by failing to instruct the jury that the allowable offset or credit con-

sisted of the cost of remedying defects or omissions, if any. Instead, the court left the jury to its own devices to determine what to offset or credit. Because of the real danger the jury improperly considered certain matters as an offset or credit, the cause must be remanded for a new trial on the issue of damages.

New trial.

Judges WHICHARD and PHILLIPS concur.